IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| **ANDRE JUSTE,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**OFFICER LAWRENCE,**<br>**City of Martinsburg Police Officer,**<br>**MARTINSBURG POLICE DEPARTMENT,**<br>**and CITY OF MARTINSBURG, WEST**<br>**VIRGINIA,**<br><br>　　　　　　Defendants. | CIVIL ACTION NO.: 3:19-CV-98<br>(GROH) |

## REPORT AND RECOMMENDATION

### I.　　INTRODUCTION

Pending before the Court is Plaintiff Andre Juste's ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Also pending before the Court is Plaintiff's pro se Motion [ECF No. 6] for Order to Show Cause. Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the undersigned recommends that Plaintiff's complaint be dismissed and Plaintiff's motions to proceed *in forma pauperis* and for order to show cause be denied as moot.

---

[1] This motion was referred to the undersigned by order dated June 12, 2019. Order of Referral, ECF No. 4.

## II.  THE COMPLAINT

Plaintiff brings this complaint against Officer Lawrence, a Martinsburg Police Officer, the Martinsburg Police Department, and the City of Martinsburg (collectively "Defendants"). ECF No. 1, at 1. While Plaintiff's complaint lacks clarity, Plaintiff appears to allege the following facts. On May 28 or 29, 2019,[2] around 11 p.m., Plaintiff was on his phone in the First Baptist Church parking lot in Martinsburg, West Virginia. Id. at 2, 7–8. Plaintiff was not committing any violations or crimes in the First Baptist Parking lot; however, Officer Lawrence forced Plaintiff to leave the First Baptist Church parking lot and go to the public library square. Id. at 7, 9, 13. Plaintiff, who suffers from mental illness, claims he was in fear for his life when Officer Lawrence told him to move from the First Baptist Church parking lot to the public library square.[3] Id. at 7, 9. At the public library square, there were no people, and there was a sign that stated: No Trespassing from 9:00 p.m. to 6 a.m.[4] Id. at 8. Plaintiff claims he was wrongfully driven out of the church parking lot and "set up" with a criminal charge or citation by Officer Lawrence. Id. at 5.

Plaintiff asserts a variety of claims pursuant to 42 U.S.C. § 1983.[5] Plaintiff claims that Officer Lawrence entrapped him by forcing him to move to the public library square even though it was after 9 p.m. and no trespassing was allowed on the public library square after 9 p.m. Id. at 8, 9, 11. Plaintiff also alleges several other claims including: violations of his First and Fourteenth Amendment rights (including deprivation of religion

---

[2] Plaintiff uses both dates in his complaint. See ECF No. 1, at 7, 9.
[3] Plaintiff alleges no facts regarding Officer Lawrence's actions, words, or behaviors other than he "told" or "forced" Plaintiff to leave the First Baptist Church parking lot and move to the public library square.
[4] In two other places in the complaint, Plaintiff states that the "No Trespassing" was in effect from 6:00 p.m. to 9 a.m. See ECF No. 1, at 9, 13.
[5] Plaintiff formally asserts three claims for relief. ECF No. 1, at 10, 12, 14. However, there is overlap among the three claims as well as additional allegations of civil and constitutional rights violations throughout Plaintiff's complaint.

and discrimination), harassment, stalking, defamation of character, lying, and abuse. See generally id.

Plaintiff claims that he suffered emotional trauma, pain, and anguish. Id. at 11, 14. He is seeking $30,000,000 in damages. Id. at 11, 13, 15.

### III.  LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with his request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective

3

defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, the court may dismiss a case if the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it is without "an arguable basis either in law or fact." Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Legally frivolous claims also "include 'claims of infringement of a legal interest which clearly does not exist.'" Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327).

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. at 555 (citations omitted). To survive dismissal for failure to state a

claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

## IV.  DISCUSSION

### A. Jurisdiction

Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Here, there is not complete diversity of the parties because Plaintiff is a citizen of West Virginia and Defendants are also citizens of West Virginia, so there is no diversity jurisdiction. See ECF No. 1-1, at 1.

Plaintiff's civil cover sheet indicates that Plaintiff is filing under 42 U.S.C. § 1983. Id. Federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, "a federal question must appear on the face of [the] plaintiff's . . . complaint." Sharp, 660 F. Supp. at 650. Plaintiff alleges that Defendants violated at least his Fourteenth Amendment right while acting under the color of state law. ECF No. 1, at 4, 12. Accordingly, the undersigned concludes that this is sufficient to establish subject-matter jurisdiction to evaluate Plaintiff's complaint on the merits.

Some of Plaintiff's claims, e.g. harassment, defamation of character, are state-law claims. Because there is no diversity jurisdiction and such claims (to the extent they are individually cognizable) clearly arise out of the same case or controversy as Plaintiff's § 1983 claims, this Court has subject-matter jurisdiction over those claims only if it elects to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a).

**B. Plaintiff's § 1983 Claims Should Be Dismissed As Frivolous**

As an initial matter, entrapment is not a constitutional violation which extends to civil cases, and it does not implicate constitutional rights. See Poole v. Carteret Cnty Sheriff's Dep't, No. 5:10-CT-3215-BO, 2011 WL 10653675, at *2 (E.D.N.C. May 10, 2011); Smith v. Lang, 114 F.3d 1192 (7th Cir. 1997) (even if a plaintiff prevailed on an

6

entrapment defense at a criminal trial, there is no constitutional violation for § 1983 purposes); Stobaugh v. Wood, 107 F.3d 17 (9th Cir. 1997) (entrapment cannot serve as the basis of a federal habeas claim); DiBlasio v. City of New York, 102 F.3d 654 (2d Cir. 1996) (entrapment cannot be the basis for a § 1983 failure-to-train claim); Giovanetti v. Tomasi, 25 F.3d 1048 (6th Cir. 1994); Stevenson v. Bales, 986 F.2d 1429 (10th Cir. 1993) (no § 1983 claim because entrapment is not a constitutional violation); Jones v. Bombeck, 375 F.2d 737 (3rd Cir. 1967) (no cause of action under Civil Rights Act, which requires a constitutional violation, for entrapment). Accordingly, even if Plaintiff's allegations amounted to a successful criminal defense of entrapment, they do not implicate his constitutional rights so as to maintain a § 1983 claim.

Furthermore, it strains reason to conclude that Plaintiff's First Amendment or Fourteenth Amendment rights are implicated in Plaintiff's allegations. Plaintiff was required to leave the First Baptist Church parking lot at 11 o'clock at night by Officer Lawrence. Plaintiff does not allege that he is a member of the First Baptist Church. Plaintiff does not allege that he was practicing any religious activity at that time in the First Baptist Church parking lot. There is no relationship between Plaintiff's First Amendment right to the free exercise of religion and the facts alleged by Plaintiff in his complaint. There is also nothing in Plaintiff's factual allegations that implicates Plaintiff's Fourteenth Amendment right other than a conclusory statement that Plaintiff suffered discrimination.

In sum, Plaintiff's § 1983 claims are based on indisputably meritless legal theories because they do not implicate any constitutional rights.[6] Accordingly, they should be

---

[6] As a final note, a § 1983 claim requires that the plaintiff demonstrate that (1) a person (2) acting under color of state law (3) deprived him of the rights guaranteed by the Constitution or federal laws. See Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). Because Plaintiff has failed to plead facts which implicate his

dismissed without prejudice. See Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004) ("We do not think, however, that Congress intended a dismissal under § 1915(e)(2)(B)(i) of the in forma pauperis statute to operate as a dismissal with prejudice.").

**C. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State-Law Claims**

When a court dismisses all federal claims for failure to state a claim, the court generally retains discretion to exercise supplemental jurisdiction over pendent state-law claims. See Crosby v. City of Gastonia, 635 F.3d 634, 644 (4th Cir. 2011); see also Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995) ("The doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain *or* dismiss state law claims when the federal basis for an action drops away."). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).

Based on the above recommendation of dismissal of Plaintiff's § 1983 claims, the undersigned recommends that the Court decline to exercise its supplemental jurisdiction over Plaintiff's state-law claims and dismiss them without prejudice.[7] See Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 616 (4th Cir. 2001) (noting that when declining to exercise supplemental jurisdiction, the court can dismiss the claim or remand to it state court, if it had been previously removed to federal court).

---

constitutional or federal rights, he has failed to plead the third element required to state a § 1983 claim, and therefore, his § 1983 claims could also be dismissed for failure to state a claim.

[7] The heart of Plaintiff's complaint seems to be that the ticket or citation he received for trespassing in the public library square after 6 or 9 p.m. is invalid because he was in the public library square after hours pursuant to a City of Martinsburg police officer's instructions. This is an entirely state matter and should not be handled by this Court.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis and Plaintiff's Motion [ECF No. 6] for Order to Show Cause be **DENIED AS MOOT**.

Plaintiff, Andre Juste, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 11th day of July, 2019.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE