**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**


**ANDRE JUSTE,**

       Plaintiff,


**v.**                                                            **CIVIL ACTION NO.: 3:19-CV-98**
                                                                     **(GROH)**

**OFFICER LAWRENCE,**
**City of Martinsburg Police Officer,**
**MARTINSBURG POLICE DEPARTMENT,**
**and CITY OF MARTINSBURG, WEST VIRGINIA,**

       Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is a Report and Recommendation ("R&R") issued by United

States Magistrate Judge Robert W. Trumble.   ECF No. 7.   Pursuant to this Court's Local

Rules and 28 U.S.C. § 1915(e)(2)(B), this action was referred to Magistrate Judge

Trumble for a preliminary review to determine whether the Plaintiff's complaint sets forth

any viable claims.   ECF No. 4.   On July 11, 2019, Magistrate Judge Trumble issued his

R&R, recommending that the Court dismiss the Plaintiff's complaint without prejudice and

deny as moot his application to proceed *in forma pauperis*.   ECF No. 7.

## I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo*

review of those portions of the magistrate judge's findings to which objection is made.

However, this Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge to which no objections are made.

Thomas v. Arn, 474 U.S. 140, 150 (1985).   Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).   Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."   Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same.   The R&R was sent to the Plaintiff by certified mail, return receipt requested, on July 11, 2019.   ECF No. 7.   The Plaintiff accepted service on July 15, 2019.   ECF No. 9.   The Plaintiff filed his objections on July 26, 2019. ECF No. 11.   Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects *de novo*.

## II. Background

In his complaint, the Plaintiff alleges several state and federal claims against Officer Lawrence of the Martinsburg Police Department and the City of Martinsburg. ECF No. 1.   Although not entirely clear, the Plaintiff appears to allege the following.

On May 29, 2019, the Plaintiff was using his phone in the First Baptist Church parking lot in Martinsburg, West Virginia.   Id. at 7.   Although Plaintiff was not committing any violations or crimes, Officer Lawrence forced him to leave the First Baptist Church parking lot and go to the public library square.   The Plaintiff alleges that he was in fear

for his life when Officer Lawrence told him to move from the First Baptist Church parking lot to the public library square.  Id.  At the public library square, there was a sign which stated "no trespassing at 9:00 p.m. to 6:00 a.m."  Id. at 8.  From these facts, the Plaintiff alleges that Officer Lawrence violated his First and Fourth Amendment Rights.  He also alleges state claims including entrapment, harassment, stalking, defamation of character, lying, and abuse.

Magistrate Judge Trumble recommends that all of the Plaintiff's federal claims be dismissed because the claims are frivolous and fail to state a claim upon which relief may be granted.  ECF No. 7 at 6.  Magistrate Judge Trumble further recommends that the Court decline to exercise supplemental jurisdiction over the Plaintiff's state law claims.  Id. at 7.  Accordingly, Magistrate Judge Trumble recommends that the Plaintiff's complaint be dismissed in its entirety without prejudice.  Id. at 9.

The Plaintiff does not object to Magistrate Judge Trumble's findings with respect to his Fourteenth Amendment claims or entrapment claim, to the extent that the Plaintiff alleges entrapment as a constitutional violation.  Accordingly, having reviewed the R&R, the Court adopts Magistrate Judge Trumble's findings with respect to these issues.  The Plaintiff's sole objection is that his claim alleging a violation of his freedom of religion under the First Amendment is a viable claim.  The Plaintiff therefore argues that the Court also has supplemental jurisdiction over his state law claims.

### III. Analysis

The Plaintiff's sole factual basis for his claim alleging that Office Lawrence violated his First Amendment right to freedom of religion is that Officer Lawrence directed him to leave the First Baptist Church parking lot.  However, the Plaintiff does not allege that he

was engaged in any religious activities, that he belonged to the First Baptist Church, or that his freedom to practice religion was in some way impaired or impacted by Officer Lawrence's actions. Therefore, there is no factual basis for his First Amendment claim, and it must be dismissed as failing to state a claim upon which relief can be granted.

Having found that all of the Plaintiff's federal claims must be dismissed, the Court must now determine whether his state law claims survive. The Court cannot exercise diversity jurisdiction over the Plaintiff's state law claims because both the Plaintiff and Defendant are citizens of West Virginia, and thus, there is no diversity of citizenship. Nevertheless, the Plaintiff's state law claims arise out of the same transaction and occurrence as his federal claims. Therefore, the Court may exercise its supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a). However, the Court may "decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In this case, the Court has found that all federal claims must be dismissed. Accordingly, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims.

## IV. Conclusion

Therefore, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 7] is **ADOPTED** for the reasons more fully stated therein. Accordingly, the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. The Plaintiff's Motions to Proceed In Forma Pauperis [ECF Nos. 2, 8] and the Plaintiff's Motion for Order to Show Cause [ECF No. 6] are **DENIED AS MOOT**.

The Clerk is **DIRECTED** to **STRIKE** this case from the Court's active docket.   The Clerk is further **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** July 31, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE